## PAUL v. FIRST STATE BANK OF PAULS VALLEY *et al.*

No. 6677.    Opinion Filed April 25, 1916.

(157 Pac. 319.)

**EXECUTION—Direction as to Parties—Cosureties.** Where judgment is rendered upon a promissory note against two sureties, the trial court is without authority to direct the levy of an execution against the property of one of such sureties to the exclusion f the other, unless there has been a compliance with section 5188, Rev. Laws 1910, and then only to compel a contribution.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by the First State Bank of Pauls Valley, Oklahoma, against J. B. Garvin and others. Judgment for plaintiff, and defendant W. H. Paul brings error. Reversed and remanded, with directions.

*Blanton & Andrews,* for plaintiff in error.

*Stanley & Osborn,* for defendants in error.

Opinion by RITTENHOUSE, C. The First State Bank of Pauls Valley, Okla., loaned to J. B. Garvin $760, and took his promissory note signed by himself, as principal debtor, and W. H. Paul and J. T. Jones, as sureties. It is claimed by J. T. Jones that on July 17, 1913, he paid one-half of said note, to wit, $380, but this was a matter of controversy at the hearing before the court. Subsequently suit was brought by the bank for the balance due on said note of $380 and interest, and judgment was rendered in its favor against the defendants jointly. The controversy in this proceeding, however, is not based upon that judgment. The surety J. T. Jones filed an answer in which he admitted signing the note, and in which he contended that, while the court had rendered a joint judgment, yet inasmuch as he had paid one-half of the note, the court should order that the sheriff of Garvin county first levy an execution on the property of the defendant W. H. Paul, who was the other surety on said note; that no execution should be directed against the property of J. T. Jones until it be ascertained by a return of such execution that the defendant Paul had no property in Garvin county subject to execution; and that said judgment recite that:

"In the event that the same cannot be satisfied out of the property belonging to defendant Paul, and it becomes necessary for this defendant to pay said judgment based upon the balance due on said note, then that this defendant have judgment against the said Paul for any amount, paid by him on said note, either before or after judgment."

The court, upon a trial of this issue, rendered judgment as follows:

"It is therefore ordered, adjudged, and decreed by the court that an execution, based upon the judgment heretofore rendered on the 29th day of November, A. D. 1913, in favor of the plaintiff herein against these defendants for the said sum of $421.09 and costs of court and $42.10 attorney's fee be issued by the clerk of this court, and directed against the property of the defendant W. H. Paul, for the satisfaction of plaintiff's judgment, and the sheriff or other officer serving said execution is to be directed in said execution issued by the clerk of this court, under this order, to exhaust all the property of the defendant W. H. Paul subject to execution, or so much thereof as may be necessary to pay off and satisfy the said judgment of the plaintiff; and, further, that no execution shall be issued by the clerk of this court on said judgment directed against the property of the said defendant J. T. Jones, until it is fully shown by a sworn return of the officer having such execution or executions in his hands for service, that no property belonging to the said defendant W. H. Paul, subject to execution, is to be found, out of which to satisfy said judgment; and, further, that in the event that said execution or executions fail to find or discover any property belonging to said defendant Paul out of which said judgment can be satisfied, then, and not till then, shall execution issue against the property of the defendant J. T. Jones for the satisfaction of the said judgment of plaintiff; and it is further ordered that in the event that property belonging to the defendant Paul can-

not be found, sufficient to satisfy said judgment, and it becomes necessary for the said defendant Jones to pay off said judgment or any portion of same, in order to protect his property against an execution in this cause, then the said defendant Jones is hereby given a judgment against the defendant Paul for the amount so paid by the said defendant Jones in satisfaction of the said judgment of the plaintiff herein, the First State Bank of Pauls Valley, Okla., and that said defendant Jones may have execution therefor, without further orders of this court."

Section 5188, Rev. Laws 1910, provides the remedy which joint debtors or sureties may have by way of contribution. That section reads as follows:

"When property, liable to an execution against several persons, is sold thereon, and more than a due proportion of the judgment is laid upon the property of one of them, or one of them pays, without a sale, more than his proportion, he may, regardless of the nature of the demand upon which the judgment was rendered, compel contribution from the others; and when a judgment is against several, and is upon an obligation of one of them as security for another, and the surety pays the amount, or any part thereof, either by sale of his property or before sale, he may compel repayment from the principal; in such case, the person so paying or contributing, is entitled to the benefit of the judgment, to enforce contribution or repayment, if within ten days after his payment he files with the clerk of the court where the judgment was rendered, notice of his payment and claim to contribution or repayment. Upon a filing of such notice, the clerk shall make an entry thereof in the margin of the docket."

The surety J. T. Jones has never paid the debt in full, either by a voluntary payment thereof or by sale of his property under an execution. The effect of the proceeding in this case is to procure the benefit of the foregoing section without a compliance therewith; his only

claim for relief being that he has paid one-half of the debt, which he claims is his proportionate part thereof. He would clearly, therefore, not be entitled to contribution until he had paid all or a part of the amount for which W. H. Paul would be liable.

The remedy provided for contribution on the part of sureties is ample and exclusive; no provision of the statute is made giving the court authority to direct against the property of which of two sureties an execution shall be levied, and, before a surety would be entitled to relief under the last named section, he would be compelled to pay the debt or allow his property to be sold under execution, and then compel contribution from his codefendant.

This was the only remedy open to the surety, and, inasmuch as he does not bring himself under the provisions of the statute by showing a payment as contemplated by said section, the proceedings are a nullity, and the trial court was without authority to render the judgment of January 7, 1914.

The judgment of January 7, 1914, should therefore be reversed, and the cause remanded, with directions to the clerk of the trial court to issue execution at the request of the First State Bank upon the judgment of November 29, 1913, against all of the defendants.

By the Court: It is so ordered.